1  Howard L. Rasch -- St. Bar No. 048517
   LAW OFFICES OF HOWARD L. RASCH
2  78-115 Calle Estado, Suite No. 206
   La Quinta, California    92253-3919
3  E-Mail Address:   hlrasch@earthlink.net
   (760) 564-3320
4  (760) 564-3240 -- FAX
   PD No. 7076
5
   Attorneys for Plaintiff
6    BRIAN J. BLUNDELL

7

8                 UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

10  BRIAN J. BLUNDELL,                    )   Case No. CV08-02212 DDP (Ex)
                                          )
11              Plaintiff,                )
                                          )
12        vs.                             )
                                          )
13  COUNTY OF LOS ANGELES; VICTORIA       )   PLAINTIFF'S OPPOSITION
    COLLIGAN, Individually And In Her     )   TO MOTION TO DISMISS
14  Official Capacity As A Social/        )   COMPLAINT FOR:
    Case Worker Of Los Angeles County     )
15  Department Of Public Social           )   1.   LACK OF SUBJECT MATTER
    Services/Childrens Services;          )        JURISDICTION; AND
16  KRISTINE AMIN, Individually And       )
    In Her Official Capacity As A         )   2.   FAILURE TO STATE A
17  Social/Case Worker Of Los Angeles     )        CLAIM UPON WHICH RELIEF
    County Department Of Public           )        MAY BE GRANTED.
18  Social Services/Childrens             )
    Services; MICHELLE LLORNES,           )
19  Individually And In Her Official      )
    Capacity As A Social/Case Worker      )
20  Of Los Angeles County Department      )
    Of Public Social Services/            )   DATE:    OCTOBER 6, 2008
21  Childrens Services; JAN WILLIAMS      )   TIME:    10:00 A.M.
    Individually And In Her Official      )   CTRM:    3
22  Capacity As A Supervisor For Los      )   JUDGE:   HONORABLE DEAN D.
    Angeles County Department Of          )            PREGERSON
23  Public Social Services/Childrens      )
    Services; ALISON WILLIS,              )
24  Individually And In Her Official      )
    Capacity As A Supervisor For Los      )
25  Angeles County Department Of          )
    Public Social Services/Childrens      )
26  Services; JOSEPH LOTTA,               )
    Individually And In His Official      )
27  Capacity As A Supervisor For Los      )
    Angeles County Department Of          )
28  Public Social Services/Childrens      )

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS COMPLAINT

1  Services; VALERIE BAGGIO,                    )
   Individually And In Her Official             )
2  Capacity As A Social/Case Worker             )
   Of Los Angeles County Department             )
3  Of Public Social Services/                   )
   Childrens Services; JIM HILL,                )
4  Individually And In His Official             )
   Capacity As A Deputy County                  )
5  Counsel Of Los Angeles County;               )
   RICHARD GIRGADO, Individually And            )
6  In His Official Capacity As A                )
   Deputy County Counsel Of Los                 )
7  Angeles County; ERICA EDELMAN,               )
   Individually And In Her Official             )
8  Capacity As A Deputy County                  )
   Counsel Of Los Angeles County;               )
9  RANDALL HARRIS, Individually And             )
   In His Official Capacity As A                )
10 Deputy County Counsel Of Los                 )
   Angeles County; VALERIE STEELE,              )
11 Individually And In Her Official             )
   Capacity As A Deputy County                  )
12 Counsel Of Los Angeles County;               )
   PATRICIA PLOEHN, Individually And            )
13 In Her Official Capacity As                  )
   Director Of Los Angeles County               )
14 Department Of Public Social                  )
   Services/Department Of Childrens             )
15 Services; and DOES 1 through 20,             )
   Inclusive,                                   )
16                                              )
                    Defendants.                 )
17 _____)

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

# TABLE OF CONTENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

PAGE(S)

I.   SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . .   1

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . .   3

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . .   5

     A.  Defendant's Motion To Dismiss Should
         Be Denied . . . . . . . . . . . . . . . . . . . .   5

     B.  The Primary Objective Of The Law Is To Obtain
         A Determination On The Merits Of The Claim And
         Thus The Case Should Be Tried On The Proofs
         Rather Than On The Pleadings . . . . . . . . . .   5

     C.  The Plaintiff's Claims Do Not Require A
         Review Of Any State Court Decisions And
         This Court Does Have Subject Matter
         Jurisdiction . . . . . . . . . . . . . . . . . .   7

     D.  The Statute Of Limitations Can Be Raised As
         A Defense But The Plaintiffs Have Filed The
         Complaint Within The Applicable Statute Of
         Limitations . . . . . . . . . . . . . . . . . .  11

     E.  The County Of Los Angeles And Their Agents
         Acting Under Color Of Law May Be Held Liable . .  14

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . .  15

**TABLE OF AUTHORITIES**

**CASES**                                                              **PAGE(S)**

Azer v. Connell,
  306 F.3d 930 (9th Cir. 2002)   . . . . . . . . . . .  12, 13

Balistreri v. Pacifica Police Dept.,
  901 F.2d 696 (9th Cir. 1990)   . . . . . . . . . . . . . 5

Bennett v. Yoshima,
  140 F.3d 1218 (9th Cir. 1998)   . . . . . . . . . . . . 9

Bernheim v. Litt,
  79 F.3d 318 (2nd Cir. 1996) . . . . . . . . . . . . . . 6

Colle v. Brazos County, Texas,
  981 F.2d 237 (5th Cir. 1993)   . . . . . . . . . . . . . 5

Conley v. Gibson,
  355 U.S. 41, 78 S.Ct. 99 (1957) . . . . . . . . . . . . 6

De La Cruz v. Tormey,
  582 F.2d 45 (9th Cir. 1979) . . . . . . . . . . . . . . 5

District of Columbia Court of Appeals v. Feldman,
  460 U.S. 462,
  103 S.Ct. 1303 (1983) . . . . . . . . . . . .  8, 9, 10

Exxon Mobil Corp v. Saudi Basic Industries Corp,
  544 U.S. 280,
  125 S.Ct. 1517 (2005) . . . . . . . . . . . . . . . . . 8

Gilligan v. Jamco Develop. Corp.,
  108 F.3d 246 (9th Cir. 1997)   . . . . . . . . . . . . . 5

Gutowsky v. City of Placer,
  108 F.3d 256 (9th Cir. 1997)   . . . . . . . . . . . 12, 14

Jacobson v. Hughes Aircraft Co.,
  105 F.3d 1288 (9th Cir. 1997) . . . . . . . . . . . . . 6

Johnson v. De Grandy,
  512 U.S. 997,
  114 S.Ct. 2647 (1994) . . . . . . . . . . . . . . . . . 9

Knox v. David,
  260 F.3d 1009 (9th Cir. 2001) . . . . . . . . . . . 12, 13

Miller v. Gammie,
  335 F.3d 889 (9th Cir. 2003)   . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

## continued

**CASES**                                                                 **PAGE(S)**

Monell v. Department Of Soc. Svs.,
   436 U.S. 658,
   56 L.Ed.2d 611,
   98 S.Ct. 2018 (1978)  . . . . . . . . . . . . . . . 14, 15

Moor v. County of Alameda,
   411 U.S. 693,
   36 L.Ed.2d 596,
   93 S.Ct. 1785 (1973)  . . . . . . . . . . . . . . . 14

Pareto v. F.D.I.C.,
   139 F.3d 696 (9th Cir. 1998)  . . . . . . . . . . . 6

Parks School of Business, Inc. v. Symington,
   51 F.3d 1480 (9th Cir. 1995)  . . . . . . . . . . . 6

Pembaur v. City of Cincinatti,
   475 U.S. 469,
   89 L.Ed.2d 452,
   106 S.Ct. 1292 (1986) . . . . . . . . . . . . . . . 15

Robinson v. Ariyoshi,
   753 F.2d 1468 (9th Cir. 1985  . . . . . . . . . . . 9, 10

Rooker v. Fidelity Trust Co.,
   263 U.S. 413,
   44 S.Ct. 149 (1923) . . . . . . . . . . . . . . . . 8, 9

Simes v. Huckabee,
   154 F.3d 823 (8th Cir. 2004) . . . . . . . . . . . 9

Two Rivers v. Lewis,
   174 F.3d 987 (9th Cir. 1999)  . . . . . . . . . . . 13

United States v. Redwood City,
   640 F.2d 963 (9th Cir. 1981)  . . . . . . . . . . . 5

Williams v. Gorton,
   529 F.2d 668 (9th Cir. 1976)  . . . . . . . . . . . 6

Worldwide Church Of God v. McNair,
   805 F.2d 888 (9th Cir. 1986)  . . . . . . . . . . . 10

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

## continued

**CONSTITUTIONS**                                                **PAGE(S)**


Fourteenth Amendment to the
United States Constutition  . . . . . . . . . . .  1, 4, 11, 14

United States Constitution  . . . . . . . . . . . . . . . 4, 11



**FEDERAL STATUTES**


42 U.S.C. Section 1983  . . . . . . . . . .  4, 7, 12, 14, 15

**Federal Rules of Civil Procedure, Rule 8(a)(2)**  . . . . . 6, 15

**Federal Rules of Civil Procedure, Rule 12(b)(1)** . . . . . . . 5

**Federal Rules of Civil Procedure, Rule 12(b)(6)** . . . . . 5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

I.

## SUMMARY OF ARGUMENT

The action brought by plaintiff against defendants, County of Los Angeles, and individuals who were employed by the County of Los Angeles, Department of Public Social Services/Children's Protective Services for failures committed by all of the defendants resulting in deprivation of the rights of plaintiff and which violated the rights of plaintiff to be free from deprivation of life, liberty or property without due process of law under the Fourteenth Amendment to the United States Constitution in that the defendants, by their actions deprived the plaintiff of a parental relationship with his minor children.

During the period from September 12, 2003 and prior thereto, up to and including May 5, 2007, and continuing to the present date, the defendants, and each of them, engaged in conduct which resulted in the continuing deprivation of this relationship with his minor children.   The conduct for which defendants should be held responsible consists of actions by the defendants:   (1) By removing the minor children from the custody of plaintiff without justification;  (2) by depriving the plaintiff of his liberty interest in his family relationship without following established procedures;   (3) by misrepresenting and fabricating alleged evidence to support said deprivation;  (4) by continuing to fabricate the facts after acknowledging the true facts, thus leading to denial of any contact by the plaintiff with the minor children; (5) by continuing to recommend the removal of the minor children from plaintiff, even after the defendants became aware

of the true facts which was not disclosed to the Court; (6) by failing to produce true facts known to defendants which would have been exculpatory and been supportive of returning the minor children to the plaintiff; (7) by continuing to claim that return of the minor children to plaintiff would not be in their best interest while having the knowledge of true facts and after investigation and experts found that there was no justifiable basis upon which to recommend continued removal of the children from the plaintiff; (8) failure to permit plaintiff the opportunity to respond to false allegations by failing to give notice but stating otherwise to the Court; (9) by engaging in ex parte communications with the Court concerning the plaintiff but denying that such occurred; (10) by failing to properly investigate allegations of abuse, which were used to justify removal of the minor children from the plaintiff; (11) by failure to perform a relative assessment prior to termination; (12) by manipulating information in order to prevent the consideration of facts which would support the placement of the minor children with plaintiff; (13) by engaging in totally arbitrary and capricious acts which deprived the plaintiff of his familial relationship with the minor children; (14) by a complete failure to ensure that the rights of due process were provided to the plaintiff; and (15) by a constitutional violation caused by a policy, custom or practice of the public entity.

The Orders of the Superior Court are not being attacked and plaintiff is not seeking reversal of the Orders by this Court; on the contrary, the actions of defendants which were taken without Court determination are being attacked with regard to temporary

1   and permanent placement of the minor children and other actions
2   by defendants which were performed without required Court
3   approval and without justification.

4       The actions of the defendants alone resulted in the loss of
5   custody of his minor children.

6       The actions of the defendants and the effect of their
7   actions continued to the present date and consisted of a
8   continuing violation of plaintiff's right of due process.

9       This action was timely filed, is not barred by the statute
10  of limitations, is not a collateral attack on State Court Orders
11  and therefore does not seek a review of the State Court's
12  decisions, nor does it require a redetermination of the State
13  Court's decisions or Orders.  The actions of defendants are being
14  reviewed and not the State Court's Orders.

15                              II.

16                      **STATEMENT OF FACTS**

17      The plaintiff, Brian J. Blundell, is the father of the
18  subject minor children, to wit: Brandy M., Nathan B., and
19  Connor M.

20      During the period commencing in 2000 up to and including the
21  date of filing of the Complaint (April 3, 2008), the defendants,
22  County of Los Angeles, and individuals who are social workers for
23  the Los Angeles County Department of Public Social Services and
24  County Counsel for the County of Los Angeles, respectively,
25  removed the minor children from plaintiff's custody and control
26  and by their concerted efforts, continued to deprive plaintiff of
27  the custody, control and familial relationship of his minor
28  children and ultimately permanently deprived the plaintiff of a

1  familial relationship with his minor children due to the actions
2  of defendants as described-above.

3  Due to the actions of defendants, and each of them, the
4  plaintiff was continuously and permanently deprived of placement
5  of the minor children with plaintiff in violation of due process
6  requirements.  In addition, decisions regarding placement of the
7  minor children, including who the children should be placed with,
8  both temporarily and permanently, and whether the children should
9  be placed with plaintiff or placed for adoption with persons
10 other than plaintiff, was done without the Juvenile Court's
11 participation and/or orders and such decisions were made solely
12 by defendants in deprivation of the rights of plaintiff.

13 The plaintiff has to the present date been deprived of any
14 relationship or even contact with his minor children due to the
15 actions of the defendants based on motives not conducive to the
16 best interest of the children and in violation of the rights to
17 which persons are entitled under the United States Constitution.

18 The plaintiff then filed a civil rights action pursuant to
19 42 U.S.C. Section 1983 alleging violation of due process under
20 the Fourteenth Amendment to the United States Constitution by the
21 defendants who by their intentional acts, deprived the plaintiff
22 of the liberty of a family relationship and privacy without due
23 process of law.

24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

III.

**ARGUMENT**

A.   **Defendant's Motion To Dismiss Should**
     **Be Denied**

The function of <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6) and <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(1) is similar to the common law general demurrer in that it tests the legal sufficiency of the claim stated in the Complaint.   The Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal relief.   Unless the answer is unequivocally "no," the motion must be denied.   <u>De La Cruz v. Tormey</u>, 582 F.2d 45 (9th Cir. 1979).

Such dismissal is proper only where there is either a "lack of cognizable legal theory" <u>or</u> "the absence of sufficient facts alleged under a cognizable legal theory."   <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696 (9th Cir. 1990).

B.   **The Primary Objective Of The Law Is To Obtain**
     **A Determination On The Merits Of The Claim And**
     **Thus The Case Should Be Tried On The Proofs**
     **Rather Than On The Pleadings**

<u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6) and <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(1) motions are clearly looked on with disfavor by the Courts and should be granted only in the rarest of circumstances.   <u>Gilligan v. Jamco Develop. Corp.</u>, 108 F.3d 246 (9th Cir. 1997), <u>Colle v. Brazos County, Texas</u>, 981 F.2d 237 (5th Cir. 1993).   A 12(b)(6) dismissal is proper only in extraordinary cases.   <u>United States v. Redwood City</u>, 640 F.2d 963 (9th Cir. 1981).

1    The Complaint must be construed in the light most
2  favorable to the plaintiff.   Parks School of Business, Inc. v.
3  Symington, 51 F.3d 1480 (9th Cir. 1995).   A federal court
4  presumes that general allegations embrace those specific facts
5  that are necessary to support the claim.   For a Complaint to be
6  dismissed, it must appear beyond doubt that the plaintiff cannot
7  prove any set of facts in support of its claim which would
8  entitle him to relief.   Conley v. Gibson, 355 U.S. 41, 78 S.Ct.
9  99 (1957).   Parks School of Business, supra.

10    The Court must not only accept as true all material
11  allegations in the Complaint, but must also accept any reasonable
12  inferences to be drawn from them.   Pareto v. F.D.I.C., 139 F.3d
13  696 (9th Cir. 1998).

14    Federal Rules of Civil Procedure, Rule 8(a)(2) merely
15  requires a short and plain statement of the claim, rather than
16  specific facts detailing every allegation.   If the Complaint is
17  sufficiently specific to give fair notice of the nature of the
18  action, the Motion should be denied.   Williams v. Gorton, 529
19  F.2d 668 (9th Cir. 1976).

20    Even if recovery may seem remote and even unlikely on
21  the face of the pleading, such is not the test for a dismissal.
22  The Court's role at the 12(b)(6) stage is not to decide who would
23  win and who would lose or to evaluate the claims.   Bernheim v.
24  Litt, 79 F.3d 318 (2nd Cir. 1996); Jacobson v. Hughes Aircraft
25  Co., 105 F.3d 1288 (9th Cir. 1997).

26    The allegations of the Complaint clearly have complied
27  with Federal Rules of Civil Procedure, Rule 8(a)(2) in that the
28  elements of an action under the Federal Civil Rights Act

1  (42 U.S.C. Section 1983) have been sufficiently plead to give the
2  defendants fair notice of the nature of the action.  The elements
3  of a 42 U.S.C. Section 1983 action require the following elements
4  to be plead:

5      (1)  The claim for injury must be cognizable under
6           this statute.  (Paragraphs 10, 12, 13, 14 and 15
7           of the Complaint;

8      (2)  Action must have been under color of state law.
9           (Paragraphs 9 and 10 of the Complaint);

10     (3)  The nature of the violation by the defendants.
11          (Paragraphs 10, 11, 12, 13, 14 and 15, of the
12          Complaint; and

13     (4)  Damages.  (Paragraphs 23 and 24 of the Complaint.

14         The Complaint enumerates all of the actions committed
15  by the defendants which has resulted in deprivation of the
16  plaintiff's civil rights and even if the Court believes these
17  allegations to be general in nature, the Court must presume that
18  they embrace those specific facts that are necessary to support
19  the claim.

20     C.  **The Plaintiff's Claims Do Not Require A**
21         **Review Of Any State Court Decisions And**
22         **This Court Does Have Subject Matter**
23         **Jurisdiction**

24         The basis of the claim of plaintiff is not seeking a
25  review of the judgment of the State Court Judgment in the Federal
26  Court.  It is not the State Court Judgment that violated the
27  plaintiff's constitutional rights.  It was the actions of the
28  defendants as employees of the County of Los Angeles consisting

1  of false statements as a witness to the Court, fabrication of
2  evidence, failure to present exculpatory evidence for which the
3  Court was not cognizant and/or making decisions regarding
4  placement, both temporary and permanent without court
5  participation which affected the rights of the minor child and
6  plaintiff, and intentionally manipulating the facts and
7  circumstances which prevented plaintiff from having any contact
8  with the minor children, all to his detriment.

9       The "Rooker-Feldman" doctrine [Rooker v. Fidelity Trust
10  Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia
11  Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303
12  (1983)], is not applicable here as the plaintiff is clearly not
13  seeking a modification of the decisions of the State Court.  A
14  decision of this Court in awarding damages would also not require
15  the Federal Court to make factual findings inconsistent with the
16  State Court Judgment, because such would be based solely on the
17  actions or non-action by the various defendants.

18       The requirements for application of the Rooker-Feldman
19  Doctrine have been enumerated in Exxon Mobil Corp v. Saudi Basic
20  Industries Corp, 544 U.S. 280, 125 S.Ct. 1517 (2005).  The
21  elements so enumerated are:  (1) The federal court plaintiff must
22  have lost in state court; (2) the plaintiff must complain of
23  injuries caused by the state court judgment; (3) the plaintiff
24  must be asking the district court to review and reject the
25  judgment; and (4) the state court judgment must have been
26  rendered before the district court proceedings commenced.

27       In the case at bar, there was no adjudication as to the
28  rights of the plaintiff or the issues raised by plaintiff in the

1   Complaint.    While   the   plaintiff   did   participate   in   the

2   proceedings when allowed to do so, he did attend some hearings

3   and participate to a degree, he was not given a full and complete

4   opportunity to be heard.  In addition, as a result of the lack of

5   proper policy, procedures and proper training, the defendants

6   committed   acts   which   violated   the   due   process   rights   of

7   plaintiff, which issues were clearly not litigated in the state

8   court.    All these issues raised by the plaintiff were never

9   litigated in the State Court nor did the plaintiff even have an

10  opportunity to litigate these issues.  Quite apparent is the fact

11  that the plaintiff is not asking the District Court to review and

12  reject any judgment and/or Orders.  Rooker-Feldman applies only

13  when the plaintiff in the federal case was a party to the state

14  case and is challenging an adverse decision by the state court.

15  Johnson v. De Grandy, 512 U.S. 997, 114 S.Ct. 2647 (1994);

16  Bennett v. Yoshima, 140 F.3d 1218 (9th Cir. 1998).  Even if the

17  federal claim had been raised but not resolved in the state court

18  Rooker-Feldman does not preclude a federal claim.    Simes v.

19  Huckabee, 154 F.3d 823 (8th Cir. 2004).

20          Rooker   made   it   clear   that   the   only   constitutional

21  questions arising from a state proceeding on which the Supreme

22  Court considered itself to be the final arbiter were those that

23  "actually arose in the cause" in which a full hearing was held

24  and where the judgment was responsive to the issues.    (Emphasis

25  added).    [Robinson v. Ariyoshi, 753 F.2d 1468 (9th Cir. 1985)

26  citing Rooker, supra at 415.]

27          In Feldman, supra the Supreme Court held that where

28  allegations underlying a court's final judicial decision are

1  "inextricably intertwined" with issues presented to a federal

2  court, the federal court has no jurisdiction over those issues.

3  The Ninth Circuit in <u>Robinson</u>, supra at 1472, has held

4  that:

5  It view the *res judicata* requirement of full

6  and fair opportunity to litigate and the

7  Feldman inextricably intertwined barrier to

8  federal jurisdiction as two sides of the

9  same coin. Under the rubric of either

10  jurisdiction or '*res judicata*' the crux of the

11  <u>question is whether there has already been</u>

12  <u>actual consideration of and a decision on</u>

13  <u>the issues presented</u>. <u>If no consideration</u>

14  <u>has been given, or any decision on the</u>

15  <u>matter is ambiguous, it is unlikely that the</u>

16  <u>issues presented to state court and to the</u>

17  <u>federal court are so 'inextricably'</u>

18  <u>'intertwined' that the federal court cannot</u>

19  <u>take jurisdiction</u>. (Emphasis added).

20  The Ninth Circuit has reaffirmed <u>Robinson</u>, supra in

21  <u>Worldwide Church Of God v. McNair</u>, 805 F.2d 888 (9th Cir. 1986).

22  The issues presented by the claim of plaintiff was not

23  considered by the State Court. Defendants failed in many

24  respects, including the presentation of the true facts in an

25  attempt to deprive the plaintiff of the rights given him by the

26  United States Constitution. The issues presented by this action

27  were not previously presented to the State Court for

28  determination, nor was the plaintiff given the opportunity to

1  present these issues for determination. See <u>Miller v.</u>
2  <u>Gammie</u>, 335 F.3d 889 (9th Cir. 2003). <u>In addition, the</u>
3  <u>defendants made decisions regarding placement, pre-adoptive</u>
4  <u>placement and with whom placement was to take place without</u>
5  <u>seeking the Court's determination as to these issues and in fact,</u>
6  <u>failed to present these and other issues to the court which</u>
7  <u>continued a pattern of either not following proper procedures</u>
8  <u>and/or the persistent albeit informal conduct by employees which</u>
9  <u>violate constitutional guarantees</u>.

10  Therefore, the Federal Court clearly has subject matter
11  jurisdiction to decide the issues presented by the claim of
12  plaintiff. Additional facts need to be discovered, in any event,
13  and this issue cannot be determined by a 12(b) motion which
14  reviews the face of the Complaint. Even the materials referred
15  to by the defendant for which it seeks judicial notice do not
16  settle the issue of whether the issues raised by this plaintiff
17  were in fact actually litigated and decided by the State Court.

18  D.  **The Statute Of Limitations Can Be Raised As**
19     **A Defense But The Plaintiffs Have Filed The**
20     **Complaint Within The Applicable Statute Of**
21     **Limitations**

22  The Complaint alleges that the actions of defendants
23  which deprived the plaintiff of rights guaranteed by the
24  Fourteenth Amendment of the United States Constitution occurred
25  during the period September 12, 2003, and including the date of
26  filing of the Complaint which would make the constitutional
27  violations fall within the applicable statute of limitations.
28  / / /

1  The acts of the defendants were committed throughout
2  this period on a continuing basis and each time an act was
3  committed, the statute of limitations ran separately from each
4  discrete act.  Even assuming that some of the actions occurred in
5  the pre-limitation period, these events can be viewed by the
6  Court as evidence of illegal motive or other intent.

7  The Complaint was filed on April 3, 2008.  Accordingly,
8  so long as his claims were not time barred as of January 1, 2003,
9  his Section 1983 cause of action is subject to a two (2) year
10  statute of limitations.

11  The plaintiff claims accrued each time an act was
12  committed, the last being May 5, 2007, when any possibility of
13  regaining custody of his minor children ended and thus two (2)
14  year statute applies from the date of accrual of the cause of
15  action.

16  However, in the case at bar, the plaintiff alleges a
17  continuing violation throughout the period from September 12,
18  2003, until at least the date of filing of the Complaint April 3,
19  2008.  Knox v. David, 260 F.3d 1009 (9th Cir. 2001).  The
20  continuation violation theory applies to Section 1983 actions.
21  Gutowsky v. City of Placer, 108 F.3d 256 (9th Cir. 1997).  Thus,
22  a plaintiff can seek relief for events even outside the
23  limitations period.

24  Further, federal law, rather than state law, governs
25  the question when a particular cause of action accrues.  Azer v.
26  Connell, 306 F.3d 930 (9th Cir. 2002).  Under federal law, the
27  claim accrues when the plaintiff knows or has reason to know of
28  the injury which is the basis of the action.  The judicial

1   records to which defendants have requested that the Court take
2   judicial notice will reflect that the proceedings in the Juvenile
3   Dependency Court did not terminate until after May 7, 2007, which
4   date would be the earliest date for accrual of the cause of
5   action.

6       If the cause of action accrued on May 7, 2007, the date
7   the state court proceeding ended, then of course even the one (1)
8   year statute would be satisfied and the complaint would also have
9   been timely having been filed on April 3, 2008, well within the
10  statutory scheme.   See _Azer_, supra; _Knox_, supra, and _Two_
11  _Rivers v. Lewis_, 174 F.3d 987 (9th Cir. 1999).

12      The injury to plaintiff for which he now seeks redress
13  did not accrue at least until plaintiff received final notice
14  that return of the minor children to plaintiff was no longer an
15  option available to him and in essence, cut-off all rights he had
16  or would have had as a parent.  And this injury became known to
17  plaintiff on or about May 7, 2007.

18      Even assuming that the failures by the defendants
19  resulted in the plaintiff not being granted temporary placement,
20  this was merely a continuation of violations by the defendants
21  which culminated in the final act of permanently depriving the
22  plaintiff of the minor children by adopting out the children to
23  a non-relative third party.

24      The series of acts by defendants are clearly related as
25  all of the actions involve the placement, either temporarily or
26  permanently, of the children with plaintiff during the juvenile
27  dependency proceeding and therefore one (1) or more of the acts
28  falls within the limitations period and thus the Complaint is

1  timely as described hereinabove.  _Gutowsky_, supra at 259.  The
2  plaintiff has alleged many actions of defendants which evidences
3  an ongoing practice that denied placement of the minor children
4  with the plaintiff in violation of his due process rights under
5  the Fourteenth Amendment.

6        It can be reasonably argued as was the holding in
7  _Gutowsky_, supra at 260, that each day the plaintiff was deprived
8  of the familial relationship with the minor children, there was
9  a new violation which continued to the present.  Therefore, since
10 the Complaint was filed within one (1) year of accrual of the
11 action, the Complaint was timely either applying the one (1) year
12 or two (2) year statute of limitations.

13      E.    **The County Of Los Angeles And Their Agents**
14            **Acting Under Color Of Law May Be Held Liable**

15      As is well established, local governments, municipal
16 corporations, and their agents acting under color of state law
17 are "persons" subject to liability under 42 U.S.C. Section 1983.
18 _Monell v. Department Of Soc. Svs._, 436 U.S. 658, 56 L.Ed.2d 611,
19 98 S.Ct. 2018 (1978).  And California counties have been treated
20 as municipalities for Section 1983 purposes.  _Moor v. County of_
21 _Alameda_, 411 U.S. 693, 36 L.Ed.2d 596, 93 S.Ct. 1785 (1973).

22      While there is no _respondeat_ superior liability under
23 42 U.S.C. Section 1983 a public entity may be held liable for a
24 constitutional violation caused by a policy, custom or practice
25 of the public entity.  _Monell_, supra at 690, 56 L.Ed.2d at 635.

26      Under _Monell_, liability for constitutional violations
27 can be caused by the formal adoption of a policy, statute or
28 guideline adopted by a public entity or by a decision of the

1 final policy maker for the public entity. <u>Pembaur v. City of</u>
2 <u>Cincinnati</u>, 475 U.S. 469, 89 L.Ed.2d 452, 106 S.Ct. 1292 (1986).

3 Such liability can also be imposed for constitutional
4 violations resulting from the persistent albeit informal conduct
5 of public employees. <u>Monell v. Department of Soc. Svs.</u>, supra.

6 A review of the Complaint clearly alleges the
7 requisites in order to properly state a Monell claim against the
8 County of Los Angeles. The Complaint complies with <u>Federal Rules</u>
9 <u>of Civil Procedure</u>, Rule 8(a)(2) which only requires a short and
10 plain statement of the claim and not specific facts as argued by
11 the defendant.

12 The Complaint clearly is sufficiently specific as to
13 give fair notice of the nature of the action, not only to the
14 defendant, County of Los Angeles, but to all of the individual
15 defendants as well. As previously stated, all of the elements of
16 an action brought under the Federal Civil Rights Act
17 (42 U.S.C. Section 1983) have been sufficiently plead to give all
18 the defendants fair notice of the nature of the action.

19 IV.

20 **CONCLUSION**

21 The Complaint which consists of three (3) Causes of
22 Action alleges claims against individual defendants in the First
23 Cause of Action and Second Cause of Action, and alleges claims
24 against the County of Los Angeles in the Third Cause of Action
25 and each cause of action is plead in accordance with the
26 procedural requirements of the <u>Federal Rules of Civil Procedure</u>,
27 which require only "notice" pleading and not the alleging of
28 specific facts which must be developed by discovery.

1    For all of the reasons enumerated hereinabove and in

2  view of the points and authorities also cited hereinabove, the

3  Motion of defendant on the grounds as stated should be denied.

4

5  DATED:   September 21, 2008    Respectively submitted,

6                                 HOWARD L. RASCH
                                   LAW OFFICES OF HOWARD L. RASCH

7

8

9

10

11   By _____

12                                 Howard L. Rasch
                                   Attorneys for Plaintiff

13                                 BRIAN J. BLUNDELL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE BY MAIL (F.R.C.P., RULE 5(B))**

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 78-115 Calle Estado, Suite No. 206, La Quinta, California, 92253-3919.

On September 21, 2008, I caused to be served the foregoing documents described as **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT FOR: 1. LACK OF SUBJECT MATTER JURISDICTION; AND 2. FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope as follows:

Elizabeth M. Kessel, Esq.
Scott E. Boyer, Esq.
KESSEL & ASSOCIATES
2410 Beverly Boulevard
Los Angeles, California    90057

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service in the box located at 78-115 Calle Estado, La Quinta, California, on the same day as the correspondence is dated in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on September 21, 2008, at La Quinta, California.

KAREN L. RASCH