**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRIAN J. BLUNDELL,

Plaintiff,

v.

COUNTY OF LOS ANGELES; VICTORIA COLLIGAN, individually and in her Official Capacity as a Social Case Worker of Los Angeles County Department of Public Social Service/Childrens Services; KRISTINE AMIN; MICHELLE LLORNES; JAN WILLIAMS; ALISON WILLIS; JOSEPH LOTTA; VALERIE BAGGIO; JIM HILL; RICHARD GIRGADO; ERICA EDELMAN; RANDALL HARRIS; VALERIE STEELE; ~~PATRICIA PLOEHN~~,

Defendants.

Case No. CV 08-02212 DDP (Ex)

**ORDER GRANTING DCFS DEFENDANTS' MOTION TO DISMISS PURSUANT TO 12(b)(5)**

[Motion filed on July 17, 2009]

This matter comes before the Court on a Motion to Dismiss filed by specially appearing defendants Michelle Llorens, Jan Williams, Alison Willis, Joseph Lotta, Valere Baggio, Kristine Amin, and Victoria Colligan. All of these defendants are either

current or former employees of the County of Los Angeles Department of Children and Family Services ("DCFS Defendants"). After reviewing the materials submitted by the parties and considering the arguments therein, the Court grants the Rule 12(b)(5) motion, and denies the Rule 41(b) motion as moot.

**I. BACKGROUND**

Plaintiff Brian J. Blundell ("Plaintiff") is the father of three minor children, Brandy M., Nathan B., and Connor M. Plaintiff's parental rights were terminated in state court proceedings on April 4, 2006.

On April 3, 2008, Plaintiff filed his Complaint against the County of Los Angeles; current or former employees of the County of Los Angeles Department of Children and Family Services, Michelle Llorens, Jan Williams, Alison Willis, Joseph Lotta, Valerie Baggio, Kristine Amin, and Victoria Colligan (hereinafter, "DCFS Defendants"); current or former Deputy County Counsel Richard Girgado, Erica Edelman, and Randall Harris; and Patricia Ploehn, director of DCFS. The Complaint seeks relief for: (1) violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for violation of Plaintiff's Fourteenth Amendment rights; (2) intentional infliction of emotional distress; and (3) Monell[1] liability against the County of Los Angeles for establishing and/or following policies,

---

[1] In Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the Supreme Court held that local governing bodies can be sued under the Civil Rights Act of 1871, 42 U.S.C. § 1983, when the Plaintiff alleges an unconstitutional act that "executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or any "action pursuant to official municipal policy . . . caus[ing] a constitutional tort." Monell, 436 U.S. at 690.

procedures, customs, and/or practices that were "the moving force behind the violations of [Plaintiff's] constitutional rights." (Compl. at 64.) The Court previously granted in part and denied in part a Motion to Dismiss by Defendant Los Angeles County. An order dated November 6, 2008 dismissed Plaintiff's First Cause of Action and Fourth Amendment claims against the County. (See Dkt. No. 25.)

At a scheduling conference held on February 2, 2009, Plaintiff requested extra time to serve the DCFS Defendants. Plaintiff represented to the Court that he needed to conduct discovery regarding the DCFS office location for the defendants in order to properly serve them with the summons and complaint, though Plaintiff provided no specific representations as to what he had previously done. Defense counsel objected to the request on the ground that ten months had already elapsed since the filing of the complaint – well beyond the 120 day period provided by Federal Rule of Civil Procedure 4(m) – but the Court granted Plaintiff's request and ordered that the last day to serve all named defendants was June 1, 2009. The Court's Scheduling Order emphasized in bold that June 1, 2009 was the last day to "**SERVE ALL NAMED DEFENDANTS**." (Dkt. No. 37 at 2.)

Plaintiff conducted no discovery after the scheduling conference, including with respect to the office locations for the named DCFS defendants. (Boyer Decl. ¶ 3.) Plaintiff did not request additional time from the Court to effect service beyond the June 1, 2009 deadline.

On June 10, 2009, a process server delivered to DCFS headquarters papers which consisted of seven sets of a summons and complaint in this action, with the name of one of the DCFS

defendants highlighted on each. (Victor Decl. ¶ 2.) On June 18, 2009, Plaintiff submitted seven proofs of service (one for each of the DCFS Defendants) stating that each of the DCFS Defendants were served by “substituted service” pursuant to California Code of Civil Procedure by leaving a copy of the summons and complaint at the DCFS main office. (See Dkt. Nos. 47-53.)

On July 17, 2009, DCFS Defendants filed a Motion to Dismiss for Failure to Prosecute, Failure to Comply with a Court Order and Insufficient Service of Process based upon Plaintiff’s (1) failure to prosecute or to comply with this Court’s Order setting the June 1, 2009 deadline for service of process; (2) failure to properly serve the DCFS Defendants with the Summons and Complaint. (See Dkt. No. 58.)

Plaintiff late-filed his Opposition to Motion to Dismiss on July 29, 2009. Plaintiff’s counsel explains that he did not receive the Motion until July 24, 2009. (Rasch Decl. ¶ 16.) Plaintiff argues that dismissal is inappropriate because (1) Plaintiff was not willfully dilatory and Defendants failed to provide the initial disclosures required by Federal Rule of Civil Procedure 26 by “refus[ing] to disclose the alleged business addresses where [defendants] could be served”; and (2) Defendants were properly served by substituted service pursuant to California Code of Civil Procedure 415.20(b). On July 30, 2009, DCFS Defendants filed an Objection on the grounds that Plaintiff’s Opposition was not timely filed pursuant to Local Rule 7-9. (See Dkt. No. 68.) In their Objection, DCFS Defendants requested that the Court “deem plaintiff’s failure to file a timely opposition consent to the granting of the motion and/or decline to consider

the untimely opposition." Alternatively, DCFS Defendants requested additional time to file their Reply if the Court decided to consider Plaintiff's Opposition. The Court granted DCFS Defendants until August 6, 2009 to file their Reply memorandum. DCFS Defendants timely filed their Reply. (See Dkt. No. 70.)

## II. DISCUSSION

The DCFS defendants move to dismiss on two grounds. First, they argue that the Complaint should be dismissed against them under Federal Rule of Civil Procedure 41(b) because Plaintiff failed to serve Defendants within the time provided by the Court's order. Second, the DCFS defendants move to quash service against them. Because the Court grants the Rule 12(b)(5) motion, the Court does not address the Rule 41(b) motion.

### A. Failure to Comply with Local Rule 7-9

The Court first addresses the DCFS Defendants' objection to the late-filed Opposition. Although Plaintiff has offered no valid reason for his failure to timely file an Opposition or request other relief, the Court exercises its discretion to consider the issues on the merits.

"Local rules have the 'force of law' and are binding upon the parties and upon the court[.]" Professional Programs Group v. Department of Commerce, 29 F.3d 1349, 1353 (9th Cir. 1994). Local Rule 7-9 for the Central District of California requires an opposing party to file a memorandum of points and authorities in opposition to any motion at least fourteen (14) days before the date designated for the hearing of the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he Court may decline to consider any memorandum or other paper not filed within

the deadline" set by Local Rule 7-9 or it "may be deemed consent to the granting or denial of the motion. C.D. Cal. L.R. 7-12.

Here, the DCFS Defendants noticed their Motion to Dismiss to be heard on August 10, 2009. Plaintiff's Opposition was thus due on July 27, 2009, but Plaintiff did not file his Opposition until July 29, 2009. Plaintiff's untimely Opposition was filed without a request for additional time from the Court. The only potential excuse for the late filing appears to be that Plaintiff did not receive the Motion until July 24, 2009, and his Opposition was due the Monday following. Because public policy favors the disposition of cases on their merits, the Court granted DCFS Defendants until August 6, 2009 to file their Reply. The Court therefore declines to deem Plaintiff's untimely Opposition as consent to DCFS Defendants' Motion to Dismiss.

**B. Motion to Dismiss Under Rule 12(b)(5)**

1. Legal Standard

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4" of the Federal Rules of Civil Procedure. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citing Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 538 (9th Cir. 1986)). If the plaintiff is unable to satisfy his burden, the court has discretion to either dismiss the action or retain the action and quash the service of process. See Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

In accordance with Rule 4(e), service of process may be effected "pursuant to the law of the state in which the district court is located[.]" Fed. R. Civ. P. 4(e)(1). California law provides for service of an individual person "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process." Cal. Civ. Proc. Code § 416.90. If, after reasonable diligence, the summons and complaint cannot be personally delivered in accordance with Section 416.90, several methods of substitute service are permitted. Cal. Civ. Proc. Code § 415.20(b). One such method is effected by leaving a copy of the summons and complaint at the "usual place of business" of the person to be served, in the presence of a "person apparently in charge," and afterwards mailing a copy of the summons and complaint by first-class mail to the same location. Id. "Service of a summons in this manner is deemed complete on the 10th day after the mailing." Id.

"Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." Espindola v. Nunez, 199 Cal. App. 3d 1389, 1392 (1988) (internal quotation marks omitted). Statutes governing substitute service are to be "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant, 'and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint[.]'" Bein v. Brechtel-Jochim Group, Inc., 6 Ca. App. 4th 1387, 1392 (1992) (quoting Pasadena Medi-Center Associates v. Superior Court, 9 Cal. 3d 773, 778 (1973)). Of course, if a

plaintiff has failed to comply with the service rules, even a “liberal” construction of those rules where the plaintiff has actual notice will not save service.

“To be constitutionally sound the form of substituted service must be ‘reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard ... [in order that] the traditional notions of fair play and substantial justice implicit in due process are satisfied.’” Zirbes v. Stratton, 187 Cal. App. 3d 1407, 1417 (quoting M. Lowenstein & Sons, Inc. v. Superior Court, 80 Cal. App. 3d 762, 768 (1978)). Substituted service is reasonably calculated to give an interested party actual notice when service is “made upon a person whose ‘relationship with the person to be served makes it more likely than not that they will deliver process to the named party.’” Bein v. Brechtel-Jochim Group, Inc., 6 Ca. App. 4th 1387, 1392 (1992) (quoting 50 Court St. Assoc. v. Mendelson and Mendelson, 572 N.Y.S.2d 997, 999 (1991)).

2. Analysis

a. Defendants Colligan and Amin

Defendants argue that service of process was ineffective as to defendants Colligan and Amin because they have not been employed by DCFS since 2000 and May 2008, respectively. The Court agrees. First, because substituted service was not effected while defendants Colligan and Amin were employed at DCFS, service of process was not made at their “usual place of business.” See Cal. Civ. Proc. Code § 415.20(b). Second, this form of substituted service is also ineffective because it is not reasonably calculated to give these defendants actual notice of the proceedings. See

Zirbes v. Stratton, 187 Cal. App. 3d 1407, 1417 (1986) (holding that substituted service was ineffective as to the wife when the summons and complaint were left at a restaurant operated by her estranged husband and the wife "had established a separate legal household and had not worked in the restaurant for approximately four years prior to service."). Accordingly, the Court grants DCFS Defendants' motion to quash service of process as to defendants Colligan and Amin. The Court grants the 12(b)(5) motion with respect to these defendants.

b. Defendants Llorens, Williams, Willis, Lotta, and Baggio

The remaining DCFS Defendants oppose service on two grounds. First, Defendants argue that service Plaintiff should not have used substituted service because Plaintiff had not satisfied the threshold requirements to do so. Second, Defendants argue that substituted services was ineffective because the 425 Shatto Place DCFS headquarters is not Defendants' "usual place of business."

The Court finds that service was ineffective because Plaintiff has not shown that service could not be made personally on the DCFS defendants with reasonable diligence. Plaintiff has not shown the Court that attempts at personal service were made at the proper location before substituted service was attempted. Although Plaintiff unsuccessfully attempted to serve the DCFS defendants at three different DCFS office locations, Plaintiff has not shown that he made multiple attempts at the correct office location. Similarly, Plaintiff has not shown that he made reasonably diligent inquiries – including, for example, through the discovery process – to find the appropriate location. Discovery is not be required for

"reasonable diligence" in all circumstances; in this case, however, Plaintiff specifically sought an extension of the time for service on the ground that he was going to seek discovery to determine the appropriate place for service. He never did so. Instead, a process server inquired at numerous individual DCFS offices, despite the large scope of employees and offices that may be appropriate. Under the circumstances, the Court is satisfied neither that this approach constitutes a reasonable attempt to find the location of individuals, nor that Plaintiff's attempts were made with any sort of diligence.

Moreover, Plaintiff's explanation of his attempts prior to the Court's 2009 Scheduling Order do not support his argument. Plaintiff's counsel declares that he requested that defense counsel accept service for these defendants, but that counsel did not have the authority to do so. An attorney's refusal to accept service for individuals without the authority to do so in no way constitutes "evasion." Additionally, Plaintiff's counsel declares that he inquired once with DCFS, which was unable to help him. That declaration gives no context as to with whom counsel spoke, and it details no follow-up. Overall, Plaintiff provides no support for attempts made during the majority of the 14 months between the filing of this Complaint and the Court's June 1, 2009 deadline. The Court is not satisfied that Plaintiff was reasonably diligent in making an attempt at personal service before substituting service.

Because Plaintiff has not shown that substituted service was appropriate, the Court grants the 12(b)(5) motion with respect to the remaining DCFS defendants. "Actual notice" is not enough where

there has been a failure to substantially comply with the requirements of Rule 4.

**III. CONCLUSION**

For the foregoing reasons, the Court grants the 12(b)(5) Motion. Because the Court dismisses the case against the moving defendants, the Court does not address those defendants’ Rule 41(b) motion

IT IS SO ORDERED.

Dated: August 12, 2009

DEAN D. PREGERSON
United States District Judge